| | |
|---|---|
| In re: | Chapter 7 |
| STATE ROAD BRIGHTON, LLC, | Case No. 19-31032-JDA |
| Debtor. | Honorable Joel D. Applebaum |

## APPLICATION OF GORDON FOOD SERVICE INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY CLAIM

Gordon Food Service Inc. ("GFS"), by its undersigned counsel, hereby submits the following Application for Allowance and Payment of Administrative Priority Claim pursuant to 11 U.S.C. § 503(b)(9) (the "Application"). In support of it Application, GFS respectfully states as follows:

1. On April 25, 2019 (the "Petition Date"), Debtor State Road Brighton, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 §§ 101, *et seq.* (the "Bankruptcy Code"). Collene K. Corcoran is the duly appointed Chapter 7 Trustee.

2. Before the Petition Date, GFS provided and shipped to the Debtor certain products pursuant to an agreement executed May 1, 2015, which products the Debtor received within twenty (20) days before the Petition Date. A copy of the agreement is attached hereto as **Exhibit A**.

3. GFS hereby asserts an administrative claim against the Debtor's bankruptcy estate pursuant to section 503(b)(9) of the Bankruptcy Code for the value of goods GFS provided to the Debtor within the 20 days immediately before the Petition Date (the "20-Day Goods").

4. With this Application, GFS seeks an Order from the Court allowing GFS an administrative claim against the Debtor for the value of the 20-Day Goods delivered to it in the

amount of $10,642.35 (the "503(b)(9) Claim"). A summary of the invoices for the goods received by Debtor are attached hereto as **Exhibit B** and the invoices are attached hereto as **Exhibit C**.

5. Section 503(b)(9) of the Bankruptcy Code states "after notice and a hearing, there shall be allowed administrative expenses" for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

6. GFS sold the 20-Day Goods to the Debtor, and the Debtor received the 20-Day Goods, within 20 days of the Petition Date. The 20-Day Goods were sold to the Debtor in the ordinary course of the Debtor's business. GFS has not received payment for the 20-Day Goods. Accordingly, pursuant to section 503(b)(9), GFS is entitled to an administrative claim for the value of the 20-Day Goods provided to the Debtor.

7. As an administrative claim, the 503(b)(9) Claim is entitled to priority in any distribution from assets of the Debtor's estates. 11 U.S.C. § 507(a)(2). This priority is secondary only to domestic support claims. *Id.* § 507(a)(1). The 503(b)(9) Claim must be paid in full in cash in order for the Court to confirm any plan of reorganization. 11 U.S.C. § 1129(a)(9)(A).

8. This Application is made without prejudice to, and GFS reserves, all other rights, claims, demands, and remedies available to GFS, at law or in equity, including but not limited to, GFS retaining title to some or all of the goods. In addition, GFS reserves the right to seek payment of further amounts under section 503(b)(9) if it later discovers information that additional goods were received by the Debtor within 20 days of the Petition Date.

CO\6199193.1

9.      Undersigned counsel is admitted to practice before the United States District Court for the Eastern District of Michigan.  Given the nature of this Application, counsel hereby requests relief from the requirement to obtain local counsel pursuant to E.D. Mich LR 83.20(f)(1).  If an evidentiary hearing on the Application is required, undersigned counsel will obtain local counsel for purposes of such hearing.

**WHEREFORE,** having satisfied the requirements of section 503(b)(9), GFS requests that this Court enter an order: (1) allowing the 503(b)(9) Claim; (2) directing that distributions on the 503(b)(9) Claim be made at the earliest date and at the same percentage as any other allowed administrative claims of equal priority against the Debtor's estate; (3) waiving the local counsel requirement of E.D. Mich LR 83.20(f)(1); and (4) for such other and further relief as this Court deems just and proper.

Dated:  July 26, 2019                          Respectfully submitted,

/s/ Jason M. Torf
Jason M. Torf
ICE MILLER LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606-3417
Telephone:   (312) 726-6244
Facsimile:   (312) 726-6214
Email:         Jason.Torf@icemiller.com

*Counsel for Gordon Food Service Inc.*